ORDERED.

Dated: September 13, 2019

_____
Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Randall J. Frillman,                                                   Case No. 3:18-bk-04334-JAF
                                                                       Chapter 13

_____Debtor._____/

**FINDING OF FACTS AND CONCLUSIONS OF LAW IN CONNECTION WITH THE
UNITED STATES TRUSTEE'S MOTION FOR SANCTIONS AGAINST RAY C. HILL**

THIS CASE came before the court for evidentiary hearing on August 21, 2019 upon the United States Trustee's Motion for Examination of Fees Under 11 U.S.C. § 329(b) and Sanctions Under Local Rule 2090-2 and the Court's Inherent Power (the "Motion for Sanctions;" Doc. No. 33) against bankruptcy attorney Ray C. Hill.

At the evidentiary hearing, the parties announced that they had reached a settlement under which: (i) Mr. Hill would admit to the allegations set forth in the Motion for Sanctions; (ii) Mr. Hill would be suspended from practicing before the United States Bankruptcy Court for the Middle District of Florida for a period of 180 days; (iii) Mr. Hill would refund all money collected from the debtor in this case, Randall J. Frillman, (the "Debtor") within 60 days; and (iv) within 180

days, Mr. Hill would attend 15 hours of continuing legal education ("CLE") on the topics of ethics or bankruptcy law beyond the requirements of the Florida Bar. For the reasons below, the Court approves the proposed settlement of the parties.

## FACTUAL BACKGROUND

As part of the settlement, Mr. Hill does not dispute the factual allegations of the United States Trustee. For this reason, and because the allegations are well-supported by the United States Trustee's Exhibits 1 through 40, which were admitted at the evidentiary hearing, the Court finds that the factual allegations set forth in the Motion for Sanctions are true in their entirety. The facts are set forth below.

### A. Mr. Hill Provided Substandard Services in the Instant Case

On December 13, 2018, Mr. Hill filed a chapter 13 bankruptcy petition for the Debtor. The petition was not signed by the Debtor. (See Exhibit 5.) On December 17, 2018, Mr. Hill filed the Debtor's Schedule D. The only creditor included on the Debtor's Schedule D is the Debtor's mortgage creditor, Deutsche Bank National Trust LLC. (See Exhibit 8.) Schedule D was not filed under a declaration signed by the Debtor.

On December 20, 2018, the Court entered a Notice of Deficient filing and Order of Impending Dismissal due to the Debtor's failure to file a completed and signed bankruptcy petition. (See Exhibits 9 and 10.) On December 27, 2018, Mr. Hill filed an Amended Petition, which included the Debtor's electronic signature. (See Exhibit 11.) However, as of the date of the United States Trustee's filing of the Motion for Sanctions, and to date, Mr. Hill has not furnished proof that he obtained the Debtor's wet signature, despite the United States Trustee's e-mailed request. (See Exhibit 40.)

On December 28, 2018, the Court entered a second Notice of Deficiency (see Exhibit 12),

noting numerous deficiencies in the case. On January 8, 2019, the Court entered an Order Dismissing Case (see Exhibit 13), due to the Debtor's failure to comply with the second Notice of Deficiency.

On January 16, 2019, Mr. Hill filed his First Motion to Reinstate Case. (See Exhibit 14.) On January 17, 2019, the Court entered an Order Striking Motion to Reinstate Case. (See Exhibit 15.) On January 29, 2019, Mr. Hill filed an Amended Motion to Set Aside Order Dismissing Case (see Exhibit 16), which is identical to the First Motion to Reinstate Case.

On February 13, 2019, the Court made a CM/ECF docket entry requiring Mr. Hill to notice a hearing on the Amended Motion to Set Aside for March 13, 2019 at 2:30 p.m. Mr. Hill did not notice the hearing as required. (See Exhibit 4.) On February 19, 2019, the Court made a second CM/ECF docket entry further reminding Mr. Hill to notice the hearing scheduled on the Amended Motion for March 13, 2019. Id. Despite this reminder, Mr. Hill did not notice the hearing as required. Id. On February 21, 2019, the Court cancelled the hearing on the Amended Motion due to Mr. Hill's failure to notice the hearing. Id.

On February 21, 2019, Mr. Hill filed the First Motion for Reconsideration of Order Striking Motion to Set Aside Order Dismissing Case. (See Exhibit 17.) On February 25, 2019, the Court made a CM/ECF docket entry requiring Mr. Hill to notice the hearing on the First Motion for Reconsideration scheduled for April 3, 2019. (See Exhibit 4.) Mr. Hill did not timely notice the hearing. Id. On February 28, 2019, the Court made a CM/ECF entry further reminding Mr. Hill to notice the hearing on the First Motion for Reconsideration scheduled for April 3, 2019. Id. On March 1, 2019, Mr. Hill filed the notice of hearing. Id. On April 8, 2019, the Court entered an Order setting aside dismissal of the case. (See Exhibit 19.)

On May 1, 2019, Stephen M. Doty filed a motion for substitution as Debtor's Counsel.

(See Exhibit 4.) On May 7, 2019, the Court granted Mr. Doty's motion. Mr. Hill has not disclosed the compensation he was paid in this case in any Court filing. Id.

In summary, Mr. Hill's deficiencies in the instant case include the following: (1) he filed an unsigned Petition and later Schedule D without a declaration signed by the Debtor and was unable to produce copies of wet signatures upon request; (2) he allowed the instant case to be dismissed due to numerous deficiencies; (3) he did not timely notice hearings as required by the Court resulting in the cancellation of hearings; and (4) he did not disclose the compensation paid to him by the Debtor.

### B. The Instant Case is Part of a Pattern of Substandard Services

*1. Mr. Hill Rarely Obtains Bankruptcy Discharges for his Clients*

The cases filed by Mr. Hill seldom result in bankruptcy discharges for his clients. According to the demonstrative chart admitted as the United States Trustee's Exhibit 2, of the 34 cases filed by Mr. Hill, only a single case has resulted in a discharge. Of the other 33 cases, 32 cases have resulted in dismissal without a discharge, and one case, In re Daniels (Case No. 3:15-bk-02258-PMG), resulted in administrative closure without a discharge due to the failure to file a financial management certificate. (See Exhibit 2.)

*2. Mr. Hill and his Clients are Frequently Sanctioned*

Although Mr. Hill seldom obtains discharges for his clients, his cases often result in sanctions, either for himself or for his clients. The following six cases resulted in sanctions: (1) the Court in In re West (3:18-bk-01546-PMG) determined that the debtor had filed "in bad faith and in violation of the spirit and intent of the bankruptcy code" and imposed a filing bar of one year (see Exhibit 33); (2) the Court in In re Maximum Life Christian Church, Inc. (6:15-bk-07913-KSJ) dismissed the debtor with a 5-year injunction against refiling (see Exhibit 34); (3) the Court in In

re Bonner (3:18-bk-00648-PMG) fined Mr. Hill $350.00 payable to the chapter 7 trustee for failure to submit a proposed order denying a motion to vacate dismissal and Mr. Hill's subsequent failure to attend a hearing on the Court's Order to Show Cause (see Exhibit 35); (4) the Court in In re Bello (3:17-bk-04395-PMG) dismissed the debtor's case with prejudice and imposed a two-year bar against refiling due to the debtor disobeying a Court Order (see Exhibit 36); (5) the Court in In re Jackson (3:17-bk-02475-PMG) dismissed the debtor's case with prejudice and imposed a one-year bar against refiling (see Exhibit 37); and (6) the Court in In re Hoover (3:17-bk-01144-PMG) dismissed the case with prejudice and in rem stay relief as to the debtor's mortgage creditor (see Exhibit 32).

3. *Mr. Hill's Conduct Creates Significant Administrative Burdens*

Mr. Hill's actions and/or inaction creates significant administrative problems for the Chapter 13 Trustee's office through his overuse of motions to vacate dismissals. The Chapter 13 Trustee's affidavit was entered into evidence as Exhibit 3. Typically, Mr. Hill allows cases to be dismissed due to a filing deficiency. Thereafter, Mr. Hill files a motion to vacate the dismissal, which the Court typically grants. Then, Mr. Hill allows the case to be dismissed again. Every time this occurs, the Chapter 13 Trustee must prepare for the hearings on these motions, attend hearings on these motions, review the debtor's compliance with the orders granting the motions, prepare affidavits of default upon the debtor's non-compliance, and prepare orders dismissing the cases. Mr. Hill's practice of excessively filing motions to vacate orders dismissing cases places a large and unacceptable strain on the Chapter 13 Trustee's office.

4. *Mr. Hill has Represented Several Abusive "Multi-Filers"*

Mr. Hill has represented several debtors who file multiple, incomplete bankruptcy petitions in an effort to improperly delay foreclosure sales as demonstrated by the United States Trustee's

composite Exhibit 20. These debtors include the following: Vera Mae Kirksey (cases 3:13-bk-04993-PMG and 3:16-bk-00359-PMG); Loretta West (cases 3:15-bk-01294-PMG, 3:16-bk-03585-PMG, 3:17-bk-01181-PMG, 3:18-bk-00468-PMG, and 3:18-bk-01546-PMG); Aaron Bello (cases 3:16-bk-00233-PMG, 3:16-bk-02996-PMG, 3:17-bk-02552-PMG, and 3:17-bk-04395-PMG); Gerald Dicey (3:13-bk-01683-JAF and 3:14-bk-01210-JAF); Antonio Jackson (cases 3:17-bk-00152-PMG and 3:17-bk-02475-PMG); and Mark Hoover (cases 3:17-bk-01144-PMG, 3:16-bk-00149-PMG, and 3:15-bk-01272-PMG). (See Exhibit 20.)

    5.   *Mr. Hill Makes Excessive use of Motions to Vacate Dismissal*

Mr. Hill routinely files motions to vacate dismissal, and in some cases files more than one motion to vacate dismissal in the same case. Despite the Court routinely granting these motions, all of Mr. Hill's cases in which he filed motions to vacate were ultimately dismissed. Cases where Mr. Hill filed a motion to vacate dismissal included the following:

    a.  *In Cooper* (Case Number 3:12-bk-06721-PMG) (see Exhibit 21);

    b.  *In re Dicey* (Case Number 3:13-bk-01683-JAF) (see Exhibit 23);

    c.  *In re Dicey* (Case Number 3:14-bk-01210-JAF) (see Exhibit 23);

    d.  *In re Hoover* (Case Number 3:15-bk-01272-PMG) (see Exhibit 24);

    e.  *In re Hoover* (Case Number 3:16-bk-00149-PMG) (see Exhibit 24);

    f.  *In re Hoover* (Case Number 3:17-bk-01144-PMG) (see Exhibit 24);

    g.  *In re West* (Case Number 3:17-bk-01181-PMG) (see Exhibit 25);

    h.  *In re West* (Case Number 3:18-bk-00468-PMG) (see Exhibit 25);

    i.  *In re Milfort-Caldwell* (Case Number 3:16-bk-00106-JAF) (see Exhibit 26);

    j.  *In re Bello* (Case Number 3:16-bk-02996-PMG) (see Exhibit 27);

    k.  *In re Bello* (Case Number 3:17-bk-04395-PMG) (see Exhibit 27);

  l. *In re Jackson* (Case Number 3:17-bk-00152-PMG) (see Exhibit 28);

  m. *In re Jackson* (Case Number 3:17-bk-02475-PMG) (see Exhibit 28);

  n. *In re Cooper* (Case Number 3:17-bk-00476-PMG) (see Exhibit 22);

  o. *In re Griffin* (Case Number 3:18-bk-00487-PMG) (see Exhibit 29);

  p. *In re Bonner* (Case Number 3:18-bk-00648-PMG) (see Exhibit 30); and

  q. *In re Odom* (Case Number 3:18-bk-01297-JAF) (see Exhibit 31).

 6. *Mr. Hill Routinely Fails to Notice Hearings, Upload Orders, and Perform Other Ministerial Tasks*

Mr. Hill routinely fails to notice hearings and perform other ministerial tasks as evidenced by the United States Trustee's composite Exhibit 38. In the case of In re Bello (3:16-bk-02996-PMG), two hearings were cancelled due to Mr. Hill's failure to serve notices. In the case of In re West (3:17-bk-01181-PMG), the Court also cancelled two hearings due to Mr. Hill's failure to serve notices. In the case of In re Jackson (3:17-bk-02475-PMG), the Court cancelled one hearing due to failure to serve notice. In addition, Mr. Hill consistently fails to upload orders. In the case of In re Bonner (3:18-bk-00648-PMG), Mr. Hill was sanctioned for failure to upload an order and attend a hearing on an Order to Show Cause.

**APPLICABLE LAW**

Local Rule 2090-2(a) provides, in part, that "[a]ny attorney who appears before the Court . . . may, after hearing and for good cause shown, be reprimanded, suspended (temporarily or permanently) from practice before the Court, or subjected to such other discipline as a Judge of the Court may deem proper." Additionally, the Court may examine fees pursuant to 11 U.S.C. § 329(b) and Federal Rule of Bankruptcy Procedure 2017. Section 329(b) provides that the Court may reduce an attorney's compensation if such compensation exceeds the reasonable value of

services rendered. The procedure for review of attorney's fees is set forth in Federal Rule of Bankruptcy Procedure 2017(a), which provides that any party in interest may file a motion requesting the Court to determine whether such compensation is excessive.

Finally, courts have inherent contempt powers in all proceedings, including bankruptcy, to "achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Eleventh Circuit affirmed the bankruptcy court's inherent powers in the case of Glatter v. Mroz (In re Mroz), 65 F.3d 1567 (11th Cir. 1995). According to the Eleventh Circuit, a court's inherent power extends to the discipline of attorneys appearing before the court. Mroz, 65 F.3d at 1575. The inherent power of a court is broad and may be invoked even if other procedural rules might sanction the same conduct. Id. However, courts must use their inherent powers with restraint and discretion. Id. As such, invocation of a court's inherent power requires a finding of bad faith. Id.

## THE PROPOSED SETTLEMENT

The parties have reached a proposed settlement in connection with the Motion for Sanctions. Under the terms of the settlement, Mr. Hill admits to the conduct described in the Motion for Sanctions. Mr. Hill will be suspended from practicing law before the United States Bankruptcy Court for the Middle District for a period of 180 days, he will be required to take 15 hours of continuing education credit within the next 180 days, and he will refund all money paid to him by the Debtor. Since Mr. Hill has not filed the required disclosure of compensation, he will be required to file with the Court within 21 days a disclosure of the compensation paid to him by the Debtor. The Court will stay Mr. Hill's suspension for a period of 30 days to allow him to close out or transfer existing cases.

The Court finds that the proposed settlement is reasonable and in proportion to Mr. Hill's

failure to provide his clients with adequate representation and in proportion to the unnecessary administrative burdens that Mr. Hill's conduct has placed upon the Chapter 13 Trustee's office and the Court. See United States v. Hartog, 597 B.R. 673, 678-79 (S.D. Fla. 2019) (finding that a Court may approve a settlement as long as it does not fall below the lowest point in the range of reasonableness). Accordingly, the Court will enter a separate order approving the terms of the proposed settlement.

Copies to (Clerk's Office to Serve):
Randall J. Frillman, 5519 Cabot Dr. N., Jacksonville, FL 32244;
Ray C. Hill, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202.